**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

| | | |
|---|---|---|
| FREDERICK JOHNSON, et. al., | : | |
|      Plaintiffs | : | |
| | : | |
| v. | : | 1:06-CV-14 (WLS) |
| | : | |
| ALLSTATE INSURANCE COMPANY, | : | |
| | : | |
|      Defendant | : | |
| _____ | : | |

## <u>ORDER</u>

Before the Court is Plaintiffs' Motion for Summary Judgment (Doc. 15), Plaintiffs'

Motion in Limine (Doc. 22), and Plaintiffs' Motion to Amend (Doc. 28).   For the following

reasons, Plaintiffs' Motion for Summary Judgment (Doc. 15) is **DENIED**; Plaintiffs' Motion in

Limine (Doc. 22) is **DENIED WITHOUT PREJUDICE**; and Plaintiffs' Motion to Amend

(Doc. 28) is **DENIED WITHOUT PREJUDICE**.

## <u>DISCUSSION</u>

**I.      Plaintiffs' Motion in Limine**

Plaintiffs move the Court to suppress the use at trial by Defendant of expert testimony of

Mr. Bill Dowd as evidence that "[t]he fact that items had been removed from the house is an

indicator of prior knowledge that the fire was going to occur."  (Doc. 22).    Plaintiffs' Motion in

Limine (Doc. 22) is premature at this stage in the litigation and is therefore **DENIED**

**WITHOUT PREJUDICE** as such.    Plaintiffs' Motion in Limine is not asserted to be germane

to Plaintiffs' Motion for Summary Judgment and, if necessary, can be more efficiently and

appropriately addressed at the trial stage without prejudice to Plaintiffs.  Plaintiffs may

reintroduce their motion, if they so desire, at the appropriate time before trial, that is, no later

than thirty (30) days after the denial, if any, of a dispositive motion or not later than ten (10) days

after the entry of the Court's Order to Convene a Pretrial Conference, whichever occurs first.

1

**II.    Plaintiffs' Motion to Amend**

It is unclear to the Court upon review of Plaintiffs' Motion to Amend exactly what Plaintiffs seek to add to their Complaint.    In their motion, Plaintiffs do not adequately distinguish between the facts and assertions they wish to add to their Complaint and the arguments presented to the Court as to why the same should be added.    While it is noted that Defendant purports to interpret Plaintiffs' Motion and present arguments to oppose the same, the Court finds that adoption of Defendant's interpretation of Plaintiff's Motion absent a clear presentation of the same by Plaintiff would unfairly prejudice Plaintiff.    The Court, therefore, declines to do so.

Accordingly, Plaintiffs' Motion to Amend (Doc. 28) is **DENIED WITHOUT PREJUDICE**.    Plaintiffs, if they so choose, may recast and resubmit a motion to amend within **ten (10) days of this Order**.    Defendant may submit a response to the same **ten (10) days thereafter**.    Plaintiffs are permitted to submit a reply brief to Defendant's response **five (5) days thereafter without further extension, except by the Court upon timely written motion**.

**III.    Plaintiffs' Motion for Summary Judgment**

**A.    Summary Judgment Standard**

Under Fed. R. Civ. P. 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  An issue is "genuine" if the quantum and quality of proof necessary to support liability under the claim is raised.  Allen v. Tyson Foods, 121 F.3d 642, 646 (11th Cir. 1997).  A fact is "material" if it hinges on the substantive law at issue and it might affect the outcome of the nonmoving party's claim. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986); *see also* Allen, 121 F.3d at 646.  A judgment is appropriate "as a matter of law" when the nonmoving party has failed to meet its burden of persuading the Court on an essential element of the claim. Cleveland v. Policy

Management Sys. Corp., 526 U.S. 795, 804 (1999); Celotex Corp., 477 U.S. at 323.

The movant bears the initial burden of showing that there is no genuine issue of material fact. Celotex Corp, 477 U.S. at 323.  The movant can meet this burden by the presentation of evidence showing there is no dispute of material fact or by showing, or by pointing out to, the district court that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof.  *Id.* at 322-24.  Once the movant has met its burden, the nonmoving party is required "to go beyond the pleadings" and identify "specific facts showing that there is a genuine issue for trial."  *Id.* at 324.  To avoid summary judgment, the nonmoving party must do more than summarily deny the allegations or "show that there is some metaphysical doubt as to the material facts."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

On a motion for summary judgment, the Court must view all the evidence and all factual inferences drawn therefrom in the light most favorable to the nonmoving party and determine whether that evidence could reasonably sustain a jury verdict.  Celotex Corp., 477 U.S. at 322-23; Allen, 121 F.3d at 646.  However, the Court must grant summary judgment if there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.   Fed. R. Civ. P. 56(c).

**B.     Local Rule 56**

Local Rule 56 *requires* the following from a respondent to a motion for summary judgment:

> The respondent to a motion for summary judgment shall attach to the response a separate and concise statement of material facts, numbered separately, to which the respondent contends there exists a genuine issue to be tried. Response shall be made to each of the movant's numbered material facts. All material facts contained in the moving party's statement which are not specifically controverted by the respondent in respondent's statement shall be deemed to have been admitted, unless otherwise inappropriate. M.D. Ga. R. 56.

Here, Plaintiffs properly filed a motion for summary judgment in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court.   (Docs. 15, 16, 19).   In response,

Defendant submitted a response brief, to which there was no statement of material facts attached. (Doc. 29).   Defendant, therefore, failed to properly dispute Plaintiffs' material facts with the specificity required by the Rules.

Most jurisdictions state uncategorically that local rules operate with the force of substantive law.  *See, e.g.,* Link v. Wabash Railroad Co., 291 F.2d 542 (7th Cir. 1961).   In addition, some jurisdictions allow the granting of default judgments for failure to properly respond to a motion for summary judgment.  In such a jurisdiction, all twenty (20) of Plaintiffs' proffered material facts would have been deemed admitted as Defendant clearly failed to directly address the same.  In fact, this is what this Court's local rule clearly contemplates.   If this were to have occurred, Plaintiffs on that basis alone would have won summary judgment on most, if not all of their claims.

Rather than simply being a rule with a punitive effect if violated, Local Rule 56 is intended to instruct the parties on how best to assist the Court in identifying genuine material facts which are in dispute.  With regard to granting motions for summary judgment based on a respondent's failure to properly respond, the Eleventh Circuit is more circumspect.  The rule in this circuit is that local rules are binding on the parties, but the enforcement of the rule must be tempered with consideration of the circumstances.  Cohen v. Carnival Cruise Lines, Inc., 782 F.2d 923 (11th Cir. 1986).  A local rule cannot eviscerate a statutory right or conflict with the federal rules.  Villano v. City of Boynton Beach, 254 F.3d 1302, 1310-11 (11th Cir. 2001).  While not binding on this Court, a Florida district court rejected a magistrate's recommendation to enter a default judgment on a motion for summary judgment simply because the respondent failed to respond to the motion in violation of the local rule.  Kinder v. Carson, 127 F.R.D. 543 (S.D. Fla. 1989).   Likewise, in the Eleventh Circuit, a district court cannot grant a motion for summary judgment based on default or as a sanction for failure to properly respond.  *See* Trustees of Central Pension Fund of International Union of Operating Engineers and Participating Employers v. Wolf Crane Service, Inc., 374 F.3d 1035, 1039 (11th Cir. 2004).  Thus, even if the Court were

inclined by local rule to accept Plaintiffs' statement of facts as true without examining the record or to grant Plaintiffs' motion because Defendants have failed to properly respond, it cannot do so. This Court must make an independent review of the record before deciding Plaintiffs' motion.   It must be noted, however, that "[t]here is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment." Resolution Trust Corp. v. Dunmar Corp., 43 F.3d 587, 599 (11th Cir. 1995).

It is doubtful, however, that the Eleventh Circuit's less stringent rule is intended to excuse a party of the responsibility to respond appropriately.  To conclude otherwise would make the adversarial system, especially where both sides are represented by counsel, essentially meaningless.  It is not the Court's responsibility to expend valuable and limited resources and time to scour the record and compose a proper opposing statement of material facts.  It is necessary for a responding party to submit a Statement of Material Facts which complies with Local Rule 56.   Failure to adhere to the Local Rule of this Court with respect to responses to properly filed motions for summary judgment not only causes the Court undue burden, but such unnecessarily jeopardizes the survivability of the claims or, in this case, defenses to the same.

### C.        Factual Summary

It is undisputed that Plaintiff Frederick Johnson met with Wanda Hawkins, an agent of Defendant Allstate Insurance Co., at Defendant's Albany, Georgia office on March 26, 2004 to obtain insurance for Plaintiffs' mobile home located at 137 Shady Lane, Sylvester, Georgia. (Doc. 19).   Using the Allstate evaluator program, and other approved methods fo insuring property, Ms. Hawkins, on behalf of Defendant, offered Plaintiffs an insurance policy that insured their mobile home and contents therein against certain identified perils, including, but not limited to, fire damage.  The policy provided for: 1) $65,000.00 replacement costs in the event of a covered loss to the mobile home; 2) $45,000.00 in personal property protection, which sum represents approximately 70% of the value of the mobile home; 3) $2,500.00 in demolition costs when necessary as a result of a covered loss; and 4) three months living expenses in the event the

mobile home was destroyed by a covered loss. *Id.*   Plaintiffs accepted the policy offer and entered into an insurance contract with Defendant. *Id.*   Thereafter, on June 23, 2004, a fire occurred at Plaintiffs' mobile home which destroyed the mobile home and contents located therein. *Id.*

According to Plaintiffs, their proof of loss listed personal property valued at $63,315.75. *Id.* Plaintiffs allege that there was evidence found at the scene of the fire to substantiate every item of personal property listed on the proof of loss. *Id.* Plaintiffs further contend that their allegation was confirmed by William Dowd, an expert in fire investigations, who, on June 25, 2004, examined the scene for evidence concerning the items listed. *Id.*   According to Plaintiffs, Mr. Dowd opined that a clothing iron left on in Plaintiffs' daughter's bedroom caused the fire. Plaintiffs assert that Mr. Dowd had carpet samples from the mobile home tested by analytical and forensics associates which confirmed that no accelerate or ignitable liquids were present in the mobile home at the time of the fire. *Id.* Plaintiffs further assert that it is Mr. Dowd's opinion that the June 24, 2004 fire could have been accidental. *Id.*

Defendant asserts that Plaintiffs' statement of facts is "so incomplete as to suggest that facts were intentionally omitted." (Doc. 29).   Defendant disputes Plaintiff's characterization of Mr. Dowd's opinion both as to causation and as to the amount of personal property present in the mobile home at the time of the fire.   According to Defendant, Mr. Dowd arrived at two (2) initial conclusions: first, that while clothing iron was directly responsible for igniting the subject fire, said fire had been set in a manner designed to appear accidental in nature; and second, that numerous items of personal property and furniture normally found in a personal residence was not present. *Id.*   Upon further investigation, Mr. Dowd alleges that Plaintiffs first alleged that the missing furniture was being painted and remodeled at the time of the fire, but later, after being confronted with evidence which allegedly suggests that Plaintiffs sold their furniture, Plaintiffs changed their story. *Id.*   Mr. Dowd also found empty drawers and closets in various bedrooms of the house.   Based on the foregoing, according to Defendant, Mr. Dowd concluded

that Plaintiffs had "prior knowledge" that the fire would occur.  *Id.*

Defendant further asserts that Plaintiffs had a motive to cause the subject fire.   Defendant alleges that Plaintiffs were at a "financial crossroads" when the fire occurred.  *Id.*   It claims to have discovered from various sources that Plaintiffs: 1) were behind on their property taxes, 2) had not filed a tax return with the Internal Revenue Service in years, and 3) were behind on their mortgage payment.  *Id.*   Defendant claims that only after it confronted Plaintiff Frederick Johnson "with indisputable evidence of his financial problems," did Plaintiff reveal that approximately ten (10) to twelve (12) of his financial obligations, including his mortgage, were in collection.  *Id.*   Defendant further alleges that it learned first from Plaintiff Frederick Johnson, and later from Plaintiffs' mortgage holder, that said mortgage holder contacted Plaintiffs on June 22, 2004 and demanded that payment be made by 12:00 P.M. on June 23, 2004 or else action on the loan would be taken.  *Id.*    It is uncontested that the subject fire occurred on June 24, 2004. *Id.*

On June 24, Defendants allege that Plaintiffs' neighbor, Martha Whitehead, saw smoke coming from Plaintiffs' mobile home at the same time she saw Plaintiff Stephanie Johnson hurriedly leaving the house.   According to Defendants, Plaintiff Stephanie Johnson returned immediately to the scene, while Plaintiff Frederick Johnson did not appear until "several hours later." *Id.*   Upon Plaintiff Frederick Johnson's arrival, firefighters at the scene allegedly noticed and documented that Plaintiff had a copy of his insurance policy in his pocket.  *Id.*  It was also obvious to those at the scene, according to Defendant, that the house did not contain much personal property or furniture when it burned.  *Id.*

Defendant maintains that Plaintiffs were heard to admit that they were in bad financial condition and were going to have items repossessed.  *Id.*  According to Defendant, Plaintiff Stephanie Johnson had made it known that she would burn her home rather than lose it to foreclosure.  *Id.*  Defendants further assert that this is the third such fire involving a mobile home owned by Plaintiffs; and that the events described in this case mirror those of a previous

7

fire that occurred on September 28, 2001.   *Id*.

In their reply brief, Plaintiffs assert, *inter alia*, that the proof of loss confirmed by Mr. Dowd's report clearly establishes there to be sufficient personal property and furniture in the house at the time of the fire.  (Doc. 36).   Plaintiffs further dispute Defendant's claims in its response brief that Plaintiffs have concealed facts or otherwise materially misrepresented the same in this case.  *Id*.   Notably, according to Plaintiffs, there has been neither a finding that arson occurred nor an expert determination that the fire could not have been accidental.  *Id*.

### D.    Analysis

Upon review of the parties' submissions, it is unmistakable that genuine issues of material fact remain in this case.    In this case Plaintiffs seek recovery of insurance proceeds they allege Defendant unlawfully withheld in breach of contract.   Among other issues critical to this case is the determination of whether Plaintiffs intentionally caused the loss sought to be covered. As demonstrated above, the parties differ considerably not only as to whether Defendant has presented sufficient evidence to support its defense, but also as to which facts are relevant to such a defense.   It cannot be, and therefore is not, found that Plaintiffs have met their burden of showing there is no genuine issue of material fact.   Even if, *arguendo*, Plaintiffs can be found to have so met their burden, Defendants have effectively identified genuine issues as to the material facts as presented by Plaintiffs.   Viewing all the evidence and factual inferences drawn therefrom in the light most favorable to Defendants, as the non-moving party, it is found that such evidence could reasonably sustain a jury verdict.   Summary judgment is therefore inappropriate.  Plaintiff's Motion for Summary Judgment (Doc. 15) is therefore **DENIED**.

### <u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs' Motion for Summary Judgment (Doc. 15) is **DENIED**; Plaintiffs' Motion in Limine (Doc. 22) is **DENIED WITHOUT PREJUDICE**; and Plaintiffs' Motion to Amend (Doc. 28) is **DENIED WITHOUT PREJUDICE**.

Plaintiffs, if they so choose, may recast and resubmit a motion to amend within ten (10) days of this Order.   Defendant may submit a response to the same ten (10) days thereafter. Plaintiffs are permitted to submit a reply brief to Defendant's response five (5) days thereafter without further extension, except by the Court upon timely written motion.   Plaintiffs may reintroduce their motion in limine, if they so desire, at the appropriate time before trial, that is, no later than thirty (30) days after the denial, if any, of a dispositive motion or not later than ten (10) days after the entry of the Court's Order to Convene a Pretrial Conference, whichever occurs first.

**SO ORDERED**, this ___11th___ day of September, 2006.


_____/s/W. Louis Sands_____
**W. LOUIS SANDS, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**